

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00110-CR

---

SHAUN HEATH BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 32005C, Honorable Ana Estevez, Presiding

---

February 1, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Shaun Heath Brooks, Appellant, was convicted of violating the conditions of a bond two or more times within a twelve-month period.[1] The trial court sentenced him to ten years' incarceration, probated for a period of ten years, and a $500 fine. On appeal, he challenges the sufficiency of the evidence and claims that the sentence imposed constitutes cruel and unusual punishment. We withdraw our opinion and judgment dated

---

[1] *See* TEX. PENAL CODE ANN. § 25.072(a).

January 8, 2024, deny Appellant's motions for rehearing and rehearing en banc, substitute this opinion, and affirm the judgment of the trial court.

## BACKGROUND

Appellant and Ashley Rogers were in a dating relationship for about a year, beginning in 2019. They broke up but remained friendly. After they broke up, Rogers moved into a camper situated near Rogers' grandmother's house. In late July of 2021, Appellant and Rogers got into an argument and Appellant kicked Rogers in the stomach. Appellant was charged with assault causing bodily injury—family violence, and released on bond on August 3, 2021.[2] Under the conditions of the bond, Appellant was to have no direct or indirect contact with Rogers.

Appellant later made calls to Rogers' Facebook account on five or six occasions, but Rogers did not answer the calls. Appellant also made four or five telephone calls to Rogers' grandmother, in which he asked if Rogers was there and sought the grandmother's permission to marry Rogers. He came to the grandmother's house four or five times. One such visit occurred on February 2, 2022, when Appellant arrived at the grandmother's house and talked to her for some time. Appellant was still there when Rogers arrived home from work. Appellant then spoke directly to Rogers, telling her he wanted her back and wanted her to marry him. Rogers told him that he needed to leave, which he eventually did.

---

[2] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b).

2

On another occasion, Rogers came home from work and saw Appellant in the entry hall of her grandmother's house. Rogers remained in her vehicle but her boyfriend, who was with her, went to the house and spoke to Appellant. After Rogers and her boyfriend left, Appellant also left the property. Later that day, Appellant attempted to contact Rogers on Facebook.

On February 4, when Rogers came home from work, she saw Appellant in his truck outside her home. Rogers walked to her camper next to the house. Appellant was yelling, "Ashley, I love you" and "Come with me. I want to marry you." Rogers remained in the camper until the police arrived.

In March of 2022, a criminal complaint was filed alleging that Appellant had, "from on or about February 2, 2022 through February 4, 2022, engaged in conduct two or more times that constituted an offense under Section 25.07 of the Texas Penal Code, to [Rogers], the protected individual, in violation of a bond set in a family violence case . . . ." Appellant was subsequently indicted by the grand jury.

The case was tried to the bench in December of 2022. Appellant pleaded "not guilty." The trial court found Appellant guilty as charged and later sentenced Appellant as set forth above.

## ANALYSIS

In his first issue, Appellant argues that the State failed to present sufficient evidence to sustain his conviction. In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found

3

the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the finding of guilt was a rational finding. *See Brooks v. State*, 323 S.W.3d 893, 906–07 n.26 (Tex. Crim. App. 2010). It is the factfinder's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319.

It is not required that each fact "point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015).

A person commits an offense if, during a period that is twelve months or less in duration, the person two or more times engages in conduct that constitutes an offense under section 25.07 of the Penal Code. TEX. PENAL CODE ANN. § 25.072(a). Section 25.07, in turn, makes it an offense for a person to violate the terms of certain protective orders or conditions of bonds by knowingly or intentionally communicating with a protected individual in a threatening or harassing manner, communicating a threat through any person to a protected individual, communicating with a protected person when the order prohibits such communication, or going to or near various places described in the order or condition of bond. *Id.* § 25.07(a)(2), (3). A person acts

4

"intentionally" or with intent "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a). A person acts "knowingly" or with knowledge of the nature of his conduct or circumstances surrounding his conduct "when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b).

Rogers was a protected person under the conditions of a bond within the scope of section 25.07. The conditions of the bond prohibited Appellant from having direct or indirect contact with Rogers. At trial, Rogers testified that Appellant came to her grandmother's house on February 2 and talked to her grandmother. Rogers arrived in her grandmother's entry hall, made eye contact with Appellant, and was spoken to by Appellant, who restated his desire to marry her. On another occasion, Rogers saw Appellant in her grandmother's entry hall again. Appellant attempted to contact Rogers via Facebook later that day. On February 4, Appellant was parked in a truck outside Rogers' home when she came home from work. As Rogers walked from her vehicle to her camper, while within view of Appellant, Appellant yelled that he loved her and wanted to marry her.

Interpreting this evidence in the light most favorable to the verdict, we conclude it was sufficient to support the finding that Appellant intentionally or knowingly communicated with Rogers when such communication was prohibited by section 25.07(a).[3] Therefore, we find that legally sufficient evidence supports Appellant's conviction. We overrule Appellant's first issue.

_____

[3] Appellant contends that the evidence was insufficient to establish that his actions were knowing or intentional. However, the evidence showed that Appellant spoke directly to Rogers at her grandmother's

5

In his second issue, Appellant asserts that the ten-year prison sentence constitutes cruel and unusual punishment given the facts and circumstances of his case. To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a). When a party fails to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion, the party waives any error for purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (en banc); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.). Appellant acknowledges that he raised no complaint regarding his sentence at trial or in any post-trial motion. We therefore hold that Appellant has failed to preserve this complaint for our review. *See Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Moreover, we decline Appellant's invitation to circumvent the rule requiring preservation of error by invoking the doctrine of *res ipsa loquitur*. We overrule Appellant's second issue.

## CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

house, attempted to contact her via Facebook, and parked near her residence and yelled that he loved her when she arrived home from work. On the record before us, the evidence supports the conclusion that Appellant's conduct was knowing or intentional.